Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO Peticionario v. SUCN. JUAN LAO NEGRÓN MEDINA Recurrido | TA2025CE00854 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de San Juan Caso Núm. KEF2016-0064 Sobre: Expropiación forzosa |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

Acude ante nosotros la Autoridad de Carreteras y Transportación de Puerto Rico (ACT o peticionarios) solicitando que revoquemos una *Resolución,* emitida por el Tribunal de Primera Instancia, Región Judicial de San Juan (TPI), el 30 de octubre de 2025. En el contexto de un proceso de expropiación forzosa, mediante dicho dictamen el foro primario se reiteró en conceder oportunidad a ciertos miembros de la sucesión-parte con interés, de impugnar la justa compensación consignada por la ACT.

No obstante, la ACT se opone al curso decisional del TPI en tanto juzga que a tales miembros de la sucesión ya se les había conferido el debido proceso de ley para impugnar la justa compensación, pero lo desaprovecharon, al no acudir a la vista celebrada para tal fin. En la misma tónica, asevera que no cabía conceder el relevo de la sentencia recaída sobre la justa compensación, en ausencia de los elementos que exigen las reglas procesales para dispensar tal remedio.

Adelantamos que, examinada la totalidad del expediente, hemos decidido *Denegar* expedir el recurso discrecional alzado, por cuanto no apreciamos se justifique intervenir con la determinación recurrida.

## I.  Recuento Procesal Pertinente

El 1 de septiembre de 2016, la ACT presentó ante el TPI una *Petición de Expropiación* para la adquisición del título de pleno y absoluto dominio de la Parcela 013-00, núm. de catastro 134-000-001-007, cuyo fin público surgía del proyecto ACT-0062105. Conjunto a la petición fue consignada una suma ascendiente a $32,000, como partida de justa compensación. Las partes con interés incluían miembros de la sucesión Juan Lao Negron Medina y de la sucesión Laura Carreras Cruz.

El 25 de octubre de 2016, algunas de las partes con interés, representadas por el Licenciado Héctor Santiago Santos, radicaron una *Moción Solicitando Retiro de Dineros Consignado Objetando Valoración*, objetando la cuantía consignada como justa compensación.[1] Estos no impugnaron el fin público que la ACT reclamó en la *Petición de Expropiación*.

Luego de varios acontecimientos procesales –incluyendo, entre otros, una orden de emplazamiento por edicto del 6 de diciembre de 2016, y la presentación de una *Moción Informando Publicación de Edictos* el 12 de enero de 2017– el TPI señaló vista para determinar el justo valor, a ser celebrada el 28 de febrero de 2017.

Llegada la fecha de la referida vista, compareció a esta la ACT, pero no asistieron ninguna de las partes con interés, ni el representante legal de las partes con interés que habían comparecido. Verificado el emplazamiento a las partes con interés, el TPI dio paso a la celebración de la vista, recibiendo la prueba pericial presentada por la ACT, de lo que resultó en tres determinaciones: (1) se dictó una sentencia parcial en

---

[1] Aquí comparecieron: Luz I. Negrón Careras, Ramon A. Negrón Cruz, Carmen J. González Medina, María L. Negrón Negrón, Antonia Negrón Negrón, Luis A. Negrón Negrón, Carmen E. Negrón Negrón, Reinan R. Negrón Negrón, Ana R. Negrón Negrón e Hiram Negrón Negrón.

cuanto a las partes que habían sido emplazadas, pero que no habían comparecido mediante el licenciado Santiago Santos (ni por derecho propio), ordenando los remedios solicitados por la ACT; (2) las partes con interés que han comparecido objetando el valor, se les dará el debido proceso de ley para que informe en qué consiste su prueba; (3) la concesión de un término de 10 días al licenciado Santiago Santos para mostrar causa por su incomparecencia.

Sin embargo, a escasos días de emitido el dictamen recogido en el párrafo que antecede, el 9 de marzo de 2017, el licenciado Santiago Santos presentó una *Moción Informativa sobre Incomparecencia del 28 de febrero de 2017*, en la cual adujo que su ausencia a la vista se debió a inadvertencia, a su vez que actualizó los trámites realizados para generar su informe de valoración, aduciendo haber contratado al perito que se encargaría de esto.

El 31 de marzo de 2017, la ACT presentó una *Moción Sometiendo Affidavit de Méritos*, evidenciando la publicación del edicto en el periódico El Nuevo Día los días 24 y 31 de diciembre de 2016 y 7 de enero de 2017.

Luego, el 6 de abril de 2017, el TPI dictó una *Sentencia Parcial* por las alegaciones, en contra de las partes que no habían comparecido. Dicha sentencia parcial decretaba el título y pleno dominio de la parcela a favor de la ACT y establecía que la justa compensación era de $32,000. La misma fue notificada el 21 de abril de 2017.

**A solo cuatro días de haberse notificado la sentencia parcial**, el 25 de abril de 2017, el licenciado Santiago Santos sometió una *Moción se Deje sin Efecto Parcial.* Este informó al Tribunal haber sido contratado recientemente para representar otros miembros de la parte con interés, y no lo había informado esperando para hacerlo en la vista pautada para el 3 de mayo de 2017, solicitaba un relevo de sentencia para que sus representados pudieran tener su día en corte y alegar sus derechos

constitucionales a una remuneración justa y razonable por su propiedad.[2] Además, el 27 de abril de 2017, el licenciado Santiago Santos sometió una *Moción Solicitando de [sic] Deje Sin Efecto Sentencia Parcial y Solicitud de Representación Legal a Nuevos Demandados*, donde notificó que fue autorizado a representar a cuatro demandados adicionales, por lo que solicitaba se les relevara de la sentencia emitida y se les permitiera objetar la justa valoración.[3]

En respuesta, el 10 de mayo de 2017, la ACT presentó una *Réplica a moción solicitando se deje sin efecto sentencia parcial y solicitud de representación legal a nuevos demandados*, razonando que no había fundamento en derecho que sustentara la solicitud de relevo de sentencia.

Estando pendiente una determinación del TPI acerca de las solicitudes de relevo de sentencia y su oposición, la ACT acudió ante dicho foro primario solicitando que se detuvieran los procesos, como consecuencia de la paralización automática autorizada bajo la ley federal Public Law 114-187, (Puerto Rico Oversight, Management, an Economic Stability Act), conocida como PROMESA. En consecuencias, los procedimientos ante el tribunal *a quo* se vieron paralizados desde el 2017 hasta que, el 12 de enero de 2024, la ACT notificó al TPI que la paralización automática había sido modificada, por lo que correspondía la reapertura o continuación de los asuntos pendientes. Respecto a ello, el 18 de enero de 2024 la parte con interés compareció expresando: 1) su anuencia a la reapertura del caso; 2) que las mociones sobre relevo de sentencia instadas el 25 y 27 de abril de 2017 aún estaban pendientes. El 25 de enero de 2024, el TPI ordenó la continuación de los procedimientos.

---

[2] Quienes se sumaron a su representación a esta fecha fueron: Oscar Negrón Sánchez, Julio Rodríguez Negrón, María Isabel Rodríguez Negrón, Juana Rodríguez Negrón, Ramiro Rodríguez Negrón, Samuel Medina Negrón, Migdalia Medina Negrón, David Medina Negrón, Betzaida Medina Negrón; Jorge Montalvo Negrón, José Manuel Montalvo Negrón y Dalitza Montalvo Negrón.
[3] Mediante esta moción se sumaron: Migdalia Negrón Montalvo, Daisy Negrón Montalvo, Julio Negrón Montalvo y Luz Nereida Negrón Montalvo.

Superados varios escollos procesales adicionales, el 26 de febrero de 2025, se celebró una vista de estado de los procesos donde las partes reiteraron sus peticiones de que fueran adjudicadas las mociones sobre relevo de la *Sentencia Parcial* del 6 de abril de 2017.

A tenor, el 16 de junio de 2025, el TPI emitió una Resolución declarando *Ha Lugar* la moción de relevo de sentencia. Al así decidir, dicho foro razonó que, dado a que el derecho a impugnar la justa compensación en casos de expropiación no se renuncia con la mera incomparecencia, no había fundamento en derecho que impidiera la concesión del remedio solicitado por la parte interesada. Además, el mismo día fue emitida una *Sentencia Parcial Enmendada,* excluyendo a las partes con interés que solicitaban el relevo.

Insatisfecho, el 25 de junio de 2025, la ACT instó una moción de reconsideración, arguyendo que las partes con interés habían sido debidamente emplazadas para la vista del 28 de febrero de 2017, donde se les garantizó el debido proceso de ley para objetar la justa compensación del inmueble, pero optaron por no comparecer, con lo que habían renunciado a sus defensas. A ello añadió, que no existía una razón bajo la Regla 49.2 de Procedimiento Civil para otorgarles a las partes con interés el relevo de sentencia solicitado.

Ante lo cual, los recurridos presentaron *Moción en oposición a reconsideración.* Plantearon que la actuación del TPI se encontraba enmarcada dentro de la esfera de su discreción, que las partes con interés no habían renunciado a su derecho por su incomparecencia inicial, y que conceder oportunidad de impugnar la justa compensación tendría un impacto insignificante sobre la ACT.

Es así como el TPI declaró *No Ha Lugar* la *Moción de Reconsideración* de la ACT. Al fundamentar su denegatoria a la reconsideración el foro recurrido plasmó que, dado a que la Regla 58.5 de Procedimiento Civil, *infra,* concede a las partes afectadas en el proceso de expropiación forzosa

un derecho amplio para impugnar la justa compensación, no resultaba cónsono con ello la interpretación que de dicha regla proponía la ACT, por estrecha, más bien observándose fundamento suficiente para otorgar el relevo solicitado baja la Regla 49.2(f) de las Reglas de Procedimiento Civil, con el propósito de conceder oportunidad de impugnar la justa compensación.

Inconforme, la ACT acude ante nosotros mediante recurso de *certiorari*, señalando el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RELEVAR DE LA SENTENCIA PARCIAL A VARIAS DE LAS PARTES CON INTERES, A PESAR DE HABER SIDO DEBIDAMENTE CITADAS A SU DIA EN CORTE PARA LA VISTA DE JUSTA COMPENSACIÓN, LA CUAL FUE CELEBRADA Y NO COMPARECIERON.

Habiéndole concedido término para ello, la parte recurrida también acudió ante nosotros mediante una *Desestimación.* A su vez, la ACT sometió una *Oposición a Desestimación.*

## II. Exposición de derecho

### A. Expedición de *certiorari*

El auto de *certiorari* es el vehículo procesal discrecional mediante el cual un tribunal de mayor jerarquía puede revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *García v. Padró*, 165 DPR 324, 334-335 (2005). La expedición de un auto de *certiorari* descansa en la sana discreción del tribunal. *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Como ha señalado el Tribunal Supremo, el auto de *certiorari* se distingue por "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Builders et al. v. BBVAPR*, 185 DPR 307, 338. Esta discreción no es irrestricta, sino que se debe ejercer dentro del marco de la razonabilidad. *García v. Asociación*, 165 DPR 311, 321 (2005).

Referente a lo cual, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las circunstancias bajo las cuales el Tribunal de

Apelaciones está facultado para ejercer su discreción y considerar un *certiorari*. Allí se pauta que, como norma general, los foros apelativos podrán revisar determinaciones bajo las Reglas 56 (de remedios provisionales) o 57 (de *injunctions*) de las Reglas de Procedimiento Civil y cuando se recurre de una denegación de una moción dispositiva. En adición, la misma regla establece unas circunstancias excepcionales que también habilitan la intervención del foro revisor. Estas son:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025),[4] se justifica expedir el recurso solicitado. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra, pág. 335, esc. 15.

---

[4] Esta Regla enumera los siguientes factores:

    A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
    C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
    D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
    E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
    F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### B. Discreción Judicial

La discreción es el más poderoso instrumento reservado a los jueces para hacer justicia. *Rodríguez Ramos v. Pérez Santiago*, 161 DPR 637, 651 (2004) (citando a *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981)). En tal discreción es que se determinan las intervenciones de este Tribunal sobre determinaciones interlocutorias realizadas por el Tribunal de Primera Instancia guiados, ante todo, por el principio rector de que nuestro tribunal no intervendrá con las determinaciones interlocutorias, discrecionales y procesales de un tribunal sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Citibank, N.A. v. Cordero Badillo*, 200 DPR 724, 736 (2018); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Abundando en lo anterior, el Tribunal Supremo de Puerto Rico ha subrayado que:

> [L]os tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que esta ante su consideración. Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos, claro está, que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva. Esta norma fortalece el principio de que serán los tribunales de origen los que manejen los casos que les son presentados. *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999).

Al reconocerle a los Tribunales de Primera Instancia amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración, se sugiere que los tribunales apelativos deben abstenerse de tratar de administrar o manejar la dirección regular de sus casos. Partiendo de esas premisas, la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia y sus decisiones merecen gran deferencia. *Citibank, N.A. v. Cordero Badillo*, supra; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012); *Vives Vázquez v. ELA*, 142 DPR 117,141-142 (1996). El Tribunal Supremo ha determinado que la decisión de conceder un relevo de sentencia es discrecional del

Tribunal de Primera Instancia. *HRS Erase, Inc. v. Centro Médico,* 205 DPR 689, 698 (2020); *García Colón v. Sucn. González,* 178 DPR 527, 540 (2010). La jurisprudencia ha reiterado que "independientemente de la existencia de uno de los fundamentos expuestos en la Regla 49.2 de Procedimiento Civil, *supra,* **el relevar a una parte de los efectos de una sentencia es una decisión discrecional**, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha". *Nater v. Ramos,* 162 DPR 616, 624 (2004).

### III. Aplicación del derecho a los hechos

Como se desprende del recuento procesal, el recurso ante nuestra consideración versa sobre la concesión de un relevo de sentencia. Ya hemos destacado que dicha determinación ubica dentro de la amplia zona de discreción reconocida al Tribunal de Primera Instancia. Esto implica que nuestra intervención se ve limitada a instancias donde apreciemos pasión, perjuicio, parcialidad o error manifiesto en la determinación cuya revocación se nos solicita. *Citibank, N.A. v. Cordero Badillo,* supra. Contrario a lo que sostiene la ACT, examinado el discurrir de los eventos procesales, junto a los propósitos que animan la concesión de oportunidad a la parte interesada para impugnar la justa cuantía aducida, no vemos abuso de discreción para intervenir con el curso de acción tomado por el TPI. Además, según lo resaltamos en el tracto procesal, ha pesado en nuestra determinación el cortísimo tiempo transcurrido entre que fuera emitida la sentencia parcial dictada, y el momento en que se solicitó el relevo de sentencia. En este sentido, el conjunto del trato particular que le concede las Reglas de Procedimiento Civil a los casos de expropiación forzosa, ancho en la oportunidad a la parte interesada de impugnar la justa compensación, y el cortísimo tiempo en que fue solicitado el relevo de la sentencia, nos impiden observar el abuso de discreción que justificaría la intervención de este foro intermedio con el dictamen recurrido.

## IV.  Parte dispositiva

Por los fundamentos que anteceden, *denegamos* expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

## IV.  Parte dispositiva

Por los fundamentos que anteceden, *denegamos* expedir el auto de *certiorari*.